```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

THE ESTATE OF MERCER K. ELLINGTON,
By its Executor, PAUL ELLINGTON,         ORDER ADOPTING REPORT
                                         AND RECOMMENDATION


    Plaintiff/counter-claim Defendant,   09-cv-3359 (KAM)(ALC)

         -against-

HARBREW IMPORTS LTD. and
ICONIC BRANDS, INC.

    Defendants.

---------------------------------------X

HARBREW IMPORTS LTD. and
ICONIC BRANDS, INC.,

    Third Party Plaintiffs,

         -against-

STEVEN D. SHAW, JR.; SDS ENTERPRISES
LLC; SETH J. WHITE; EGS DEVELOPMENT, INC.,
CMG WORLDWIDE, INC.; AND "JOHN DOES 1
THROUGH 10,"

    Third Party Defendants.

---------------------------------------X
```

**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

Plaintiff/counter-claim Defendant Mercer K. Ellington, by its Executor, Paul Ellington ("plaintiff" or "Ellington Estate") commenced the instant action against defendants Harbrew Imports Ltd. and Iconic Brands, Inc.

1

("defendants") alleging that defendants used the name Duke Ellington and other registered trademarks of the Ellington Estate without authorization in the marketing and promotion of defendants' product, "Duke Ellington XO Cognac," in violation of Sections 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and 1125(c), and for related claims of unfair competition and dilution under New York state law. (*See* ECF No. 1, Complaint ("Compl.").) Defendants initially answered the complaint and alleged several counterclaims against plaintiff. (ECF No. 8, Answer and Counterclaims to Complaint, filed Sept. 24, 2009.) Defendants also brought a third-party complaint against Steven D. Shaw, Jr.; SDS Enterprises LLC; Seth J. White; CMG Worldwide, Inc. ("CMG"); and EGS Development, Inc. (*Id.*) Following defendants' counsel's withdrawal from the case and defendants' subsequent default, plaintiff moved for a default judgment and injunctive relief. (*See* ECF No. 52, Notice of Motion, filed Dec. 3, 2010; ECF No. 53, Memorandum in Support of Motion for Default and Failure to Prosecute, filed Dec. 3, 2010 ("Pl. Mem.").) CMG also filed a motion to dismiss the third-party complaint for failure to prosecute. (ECF No. 49, Defendant's Motion to Dismiss the Third Party Complaint or Failure to Prosecute under Fed. R. Civ. P. 41(b).)

On March 4, 2011, the court referred the above motions to Magistrate Judge Andrew L. Carter, Jr. for a report and recommendation ("R&R").  (*See* Order dated March 4, 2011.)  On August 25, 2011, Judge Carter issued an R&R recommending that the court grant the plaintiff's motion for default judgment and award statutory damages of $325,000 under 15 U.S.C. § 1117(c), and grant the permanent injunction and other relief cited in paragraphs 2-4 of the "complaint's wherefore clause."  (ECF No. 62, R&R at 15.)  In addition, Judge Carter recommended that defendants' counterclaims and third-party complaint as to all third-party defendants be dismissed with prejudice.  (*Id.*)

Notice of the Report and Recommendation was sent electronically to all parties via the court's electronic filing system on August 25, 2011.  Plaintiffs also served a copy of the Report and Recommendation on the defendants and filed a declaration of service on August 26, 2010. (ECF No. 63.)  As set forth in the Report and Recommendation, the parties had a right to file written objections to the Report and Recommendation within fourteen days of the date of the R&R. (*See* R&R at 16.)  The period for filing objections for all parties has now lapsed, and no objections to the Report and Recommendation have been filed.

3

A district court reviews those portions of a report and recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the record and Judge Carter's thoroughly researched and well-reasoned Report and Recommendation, the court finds no clear error in Judge Carter's Report and Recommendation and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court pursuant to 28 U.S.C. § 636(b)(1). Accordingly, and for the reasons set forth above and based upon the findings of fact and conclusions of law set forth in the Report and Recommendation and adopted herein: (1) plaintiffs are awarded statutory damages of $325,000 under 15 U.S.C. § 1117(c); (2) defendants are permanently enjoined from using the Duke Ellington trademark, defendants must turn over to plaintiff all products, *inter alia,* bearing the Duke

4

Ellington trademark and defendants must submit an affidavit within thirty days of the date of this order confirming that they have complied with the injunction; and (3) defendants' counterclaims and third-party complaint as to all counter-claim defendants and third-party defendants are dismissed with prejudice.

By September 26, 2011, plaintiff's counsel shall submit a proposed Judgment and Permanent Injunction consistent with the Report and Recommendation and this Order.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 19, 2011

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

5